**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>           Plaintiff,<br>    vs.<br>Lawrence Carl Runke,<br><br>           Defendant. | No. CR-09-8053-PCT-PGR<br><br>(Yavapai County Superior Court<br>  No.  CR 2009-0325)<br><br>ORDER OF REMAND |

Defendant Lawrence Carl Runke, acting *pro se*, has filed a Notice of Removal of a criminal action pending against him in the Yavapai County Superior Court.[1]  Having reviewed the removal notice, the Court *sua sponte* finds that it lacks subject matter jurisdiction over this action and will therefore summarily remand it to the state court.

Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction in a particular case unless and until it has been demonstrated that jurisdiction over the subject matter exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  The right to remove any case from state court to

---

[1] The criminal action involves felony charges for conspiracy, money laundering, possession of prescription-only drug for sale, sale of a prescription-only drug for sale, and possession of a dangerous drug for sale.

federal court is governed by statute, and removal jurisdiction statutes are strictly construed against removal. Libbart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992).

The defendant, who has the burden of establishing the existence of jurisdiction, cites no basis for his removal of this action under the federal removal statutes and none is apparent from the face of his notice. This Court has jurisdiction over removed state criminal actions only under very limited circumstances - since the defendant does not allege that he is any type of a federal officer, the only potential basis for a jurisdictionally-proper removal would be 28 U.S.C. § 1443, which gives a right of removal, among others, to certain criminal defendants claiming federally secured rights as a defense to a state prosecution. However, such a case can be removed under § 1443 only if the defendant (1) asserts that the right upon which he relies arises under a federal law providing for specific civil rights stated in terms of racial equality, and (2) asserts that he has been denied or cannot enforce that civil right in the state courts, and such an allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal right. California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1971). The defendant has alleged nothing in his Notice of Removal that provides any non-frivolous basis for the removal of his state court criminal prosecution under § 1443. Therefore,

IT IS ORDERED that this action is remanded to the Yavapai County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C.

§ 1447(c).

DATED this 12th day of May, 2009.

_____
Paul G. Rosenblatt
United States District Judge