**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>          Plaintiff,<br>     vs.<br>Lawrence Carl Runke,<br><br>          Defendant. | No. CR-09-8053-PCT-PGR<br><br>(Yavapai County Superior Court<br>   No. CR 2009-0325)<br><br>ORDER |

The Court entered an order on May 13, 2009 (doc. #2) summarily remanding this state criminal prosecution to the Yavapai County Superior Court pursuant to 28 U.S.C. § 1446(c)(4) and 28 U.S.C. 1447(c) for lack of subject matter jurisdiction, and the Clerk of the Court mailed a certified copy of the remand order to the Clerk of Yavapai County Superior Court on that same date. On May 20, 2009, the defendant filed a document (doc. #3), which the Court will liberally construe as a motion for the issuance of a court order, wherein he invokes what he deems to be the "supreme Judicial Power" of his "one supreme Court" to order this Court to enter an order requiring the State of Arizona to dismiss the criminal charges pending against him in the Yavapai County Superior Court. Even if the Court had the subject matter jurisdiction to issue any post-

remand substantive order in this action, *see* <u>Seedman v. United States District Court</u>, 837 F.2d 413, 414 (9th Cir.1988) (Court stated that "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case[,]") the defendant's "motion" is patently frivolous as a matter of law. Therefore,

IT IS ORDERED that defendant Runke's motion for the issuance of a Court order (doc. #3) is denied.

DATED this 26th day of May, 2009.

Paul G. Rosenblatt
United States District Judge