1    **WO**

6         IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

10   State of Arizona,                  )
                                        )
11              Plaintiff,              )    No. CR-09-8053-PCT-PGR
                                        )
12       vs.                            )    (Yavapai County Superior Court
                                        )     No. CR 2009-0325)
13   Lawrence Carl Runke,               )
                                        )
14              Defendant.              )         <u>ORDER</u>
                                        )
15   _____)

16         The Court entered an order on May 13, 2009 (doc. #2) summarily

17   remanding this state criminal prosecution to the Yavapai County Superior Court

18   pursuant to 28 U.S.C. § 1446(c)(4) and 28 U.S.C. 1447(c) for lack of subject

19   matter jurisdiction.  On May 20, 2009, the defendant filed a document (doc. #3),

20   which the Court liberally construed as a motion for the issuance of a court order,

21   wherein he invoked what he deemed to be the "supreme Judicial Power" of his

22   "one supreme Court" to order this Court to enter an order requiring the State of

23   Arizona to dismiss the criminal charges pending against him in the Yavapai

24   County Superior Court.  The Court summarily denied the motion as patently

25   frivolous as a matter of law.

26         The defendant, through a non-attorney named Michael Joseph Kearns and

without submitting the filing fee required by law, filed a document denominated as a "Notice of Removal Court of Record" (doc. #7) in this closed action on February 8, 2010. While it is not entirely clear what the purpose of the document is, the Court notes that the document refers to, and objects to, the failure of the Yavapai County Sheriff to execute a Writ of Habeas Corpus ad Subjiciendum issued to the Sheriff by the defendant's "one supreme Court" that ordered that the state criminal charges against the defendant be dismissed with prejudice and that required the Sheriff to release the defendant from incarceration.[1]

The Court concludes that the "Notice of Removal" should be stricken from the record because it was both improperly filed in a closed action and was not filed by anyone with the authority to file it. The Court notes that even if the document had been properly filed, the Court would have no subject matter jurisdiction to consider the legally frivolous arguments raised therein. Therefore,

IT IS ORDERED that the defendant's "Notice of Removal Court of Record" (doc. #7) is stricken from the record.

IT IS FURTHER ORDERED that the Clerk of the Court shall terminate this action.

DATED this 10th day of February, 2010.

Paul G. Rosenblatt
United States District Judge

---

[1]

    Michael Joseph Kearns improperly signed the "Notice of Removal" in his stated, and patently frivolous, capacity as a "Judicial Officer of the United States, and Judge of Suitor's one supreme Court."