**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>        Plaintiff,<br><br>vs.<br><br>Lawrence Carl Runke,<br><br>        Defendant. | No. CR- 09-8053-PCT-PGR<br><br>ORDER |

As a result of the defendant's removal of his then pending state criminal case, Yavapai County Superior Court No. CR 2009-0325, the Court entered an order on May 13, 2009 (doc. #2) that summarily remanded this action to the Yavapai County Superior Court pursuant to 28 U.S.C. § 1446(c)(4) and 28 U.S.C. 1447(c) for lack of subject matter jurisdiction. The Clerk of the Court sent a certified copy of the remand order to the Clerk of Yavapai County Superior Court on that same date, which resulted in this Court losing jurisdiction over any further aspect of this action. *See* Seedman v. United States District Court for the Central District of California, 837 F.2d 413, 414 (9th Cir.1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.")

The defendant, acting through what was purported to be the authority of his "Suitor's one supreme Court" filed another document on May 20, 2009 wherein he demanded that this Court enter an order requiring the State of Arizona to dismiss the criminal charges then pending against him in the Yavapai County Superior Court. The Court entered an order on May 26, 2009 (doc. #5) that denied the demand as being both outside of its jurisdiction and patently frivolous as a matter of law.

The defendant filed a Notice of Removal/Notice of Appeal on July 27, 2009, wherein he advised the Clerk of the Court not to proceed any further in this action because the defendant had appealed the Court's orders to "Suitor's one supreme Court."

A non-attorney named Michael Joseph Kearns filed a Notice of Removal on the defendant's behalf on July 27, 2009, wherein he objected to the failure of the Yavapai County Sheriff to execute a Writ of Habeas Corpus ad Subjiciendum issued to the Sheriff by the defendant's "one supreme Court" that ordered that the state criminal charges against the defendant be dismissed with prejudice and that required the Sheriff to release the defendant from incarceration. The Court entered an order on February 10, 2010 (doc. #8) striking the document from the record because it was improperly filed in a closed action by someone without authority to file it. The Court also noted that the arguments raised in the notice were legally frivolous. The Court further ordered the Clerk of the Court to terminate this action.

Notwithstanding the Court's previous orders, the defendant[1], apparently

---

[1] The defendant has now been convicted of his state court charges and is currently incarcerated under the custody of the Arizona Department of

through Michael Joseph Kearns, filed a document on April 23, 2010 entitled "Writ of Error Court of Record." The defendant, acting through what apparently purports to be his own "United States District Court[,] District of Arizona (sitting as a Court of Record)," has issued a "Writ of Error Quae Coram Nobis Resident" whereby he orders this Court's previous orders to be "impeached and rescinded," orders the undersigned Judge, who he alleges has acted as a judge in "a court NOT of record" without the permission of the defendant's agent, Michael Joseph Kearns, to cease issuing orders and ruling in this action, orders that the defendant's Notice of Removal be transferred to the defendant's court, orders the defendant's court to serve a writ of habeas corpus as subjiciendum on the Yavapai County Sheriff, orders the Yavapai County Superior Court to take no further action on the defendant's criminal case without further instruction from the defendant's court, and orders the United States Marshal to take the defendant into federal custody and to protect him.

While the defendant and Mr. Kearns have the right to their beliefs, however mistaken, concerning the federal judicial system, this Court will no longer tolerate their nonsensical and frivolous filings in this action which have done nothing except waste scarce judicial resources and taxpayers' funds. They are admonished that the Court will summarily reject any future document filed by them related to this action other than a timely and properly filed notice of appeal to the Ninth Circuit Court of Appeals.

Therefore,

IT IS ORDERED that the defendant's Writ of Error (doc. #9), to the extent that it can be construed as seeking any action from this Court, is denied in its

---

Corrections.

entirety.[2]

DATED this 3rd day of May, 2010.

*[signature]*
Paul G. Rosenblatt
United States District Judge

---

[2] Even if the defendant's "Writ of Error" is liberally construed as a petition for a writ of error coram nobis, the Court "lack[s] authority to issue a writ of error coram nobis with respect to a state court conviction." Williams v. Waggener, 271 Fed.Appx. 603 (9th Cir.2008); *accord*, Martinez v. Lockyer, 453 F.Supp.2d 1150, 1152 (C.D.Cal.2006) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments.")